# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ORDER |
| Plaintiff, | Case No. 2:09-cv-786-DB |
| v. | |
| JEFFREY L. MOWEN, et al., | District Judge Dee Benson |
| Defendants. | Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] At the outset, the court notes that Defendant Jeffrey L. Mowen is proceeding pro se in this case. Consequently, the court construes his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Recently, the court discovered that Mr. Mowen had not updated his mailing address with the court after becoming incarcerated. While the court acknowledges that Mr. Mowen submitted a letter to the court on February 23, 2010, that indicated that he was writing from the Davis County Jail,[2] that letter did not include any specific indication that Mr. Mowen's mailing address had changed. Nevertheless, the court has now liberally construed that letter to constitute notice

---

[1] *See* docket no. 49.

[2] *See* docket no. 48.

of a change in address and has updated Mr. Mowen's mailing address. Mr. Mowen is hereby notified, however, that he is required by this court's Rules of Practice to notify the court immediately of any change in his address.³ *See* DUCivR 83-1.3(b) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."). Mr. Mowen is also notified that his pro se status does not excuse his obligation to comply with the basic rules of procedure, including this court's Rules of Practice. *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

While the court has now updated Mr. Mowen's mailing address, the court recognizes that he may not have received the filings in this case after the date of his letter. Accordingly, and out of an abundance of caution for Mr. Mowen's status as a party who is both incarcerated and proceeding pro se, the court will summarize the relevant proceedings in this case occurring after the date of Mr. Mowen's letter.

As noted earlier, on February 23, 2010, Mr. Mowen submitted a letter to the court. In that letter, Mr. Mowen provided an explanation for his failure to respond to the complaint in this

---

³ The Rules of Practice for the United States District Court for the District of Utah can be found online at http://www.utd.uscourts.gov/documents/09rules.html.

case. Accordingly, Judge Benson vacated a default certificate that had previously been entered against Mr. Mowen.[4] Mr. Mowen also requested that the court afford him "the opportunity to stay off [his] participation"[5] in this case pending the adjudication of a related criminal case.[6] In an order dated May 3, 2010, Judge Benson denied that request.[7] At the same time, Judge Benson provided Mr. Mowen with additional time to file an answer or other pleading in response to the complaint in this matter. Judge Benson set a deadline of May 28, 2010, for Mr. Mowen to file an answer or other responsive pleading.

Because the court recognizes that Mr. Mowen may not have received Judge Benson's May 3, 2010 order, the court will now provide Mr. Mowen with an additional period of time to file an answer or other responsive pleading. Mr. Mowen's answer or other responsive pleading must be filed on or before July 22, 2010.

Other than the above-referenced proceedings, the only relevant proceedings in this case after the date of Mr. Mowen's letter have been case scheduling matters. On April 2, 2010, an attorney planning meeting report was filed.[8] On April 7, 2010, the Securities and Exchange Commission filed a notice with the court indicating that it had mailed a copy of that attorney

---

[4] *See* docket nos. 46, 47.

[5] Docket no. 48 at 8.

[6] *See United States v. Mowen*, 2:09-cr-98-DB.

[7] *See* docket no. 53.

[8] *See* docket no. 50.

planning meeting report to Mr. Mowen in the Davis County Jail.[9] That same day, the court entered a scheduling order.[10] In order to provide Mr. Mowen with the current schedule in this case, the court directs the Clerk of the Court to mail him a copy of the current scheduling order along with this order.

In summary, **IT IS HEREBY ORDERED:**

1. Mr. Mowen shall file any answer or other responsive pleading on or before **July 22, 2010**.

2. The Clerk of the Court shall send a copy of the current scheduling order to Mr. Mowen along with this order.

**IT IS SO ORDERED**.

DATED this 29th day of June, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 51.

[10] *See* docket no. 52.