IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  Plaintiff,  v.  JEFFREY L. MOWEN, et al.,  Defendants. | MEMORANDUM DECISION AND ORDER  Case No. 2:09-cv-786-DB-PMW  District Judge Dee Benson  Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendant James B. Mooring's ("Mooring") motion to stay;[2] Mooring's motion for a protective order;[3] and the Securities and Exchange Commission's ("SEC") motion to compel and for sanctions.[4] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 49.

[2] *See* docket no. 81.

[3] *See* docket no. 83.

[4] *See* docket no. 93.

## I. Mooring's Motion to Stay

In this motion, Mooring seeks to stay this case as it pertains to him pending the resolution of criminal proceedings against him in state court ("State Court Case"). Mooring argues that any statements he makes in the course of this case may impinge upon his Fifth Amendment right against self-incrimination in the State Court Case. In response, the SEC argues that a stay is not justified because this case and the State Court Case involve different facts and different transactions. Indeed, the SEC notes that there are no allegations in the State Court Case concerning the facts alleged by the SEC in this case.

Each party presents the court with non-binding precedent in support of their arguments. After considering all of those arguments, the court is persuaded by the SEC's position and the case law upon which it relies.

As noted by the SEC,

> [t]here is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the *same transactions*. Parallel civil and criminal proceedings instituted by different federal agencies are not uncommon occurrences because of the overlapping nature of federal civil and penal laws. The simultaneous prosecution of civil and criminal actions is generally unobjectionable because the federal government is entitled to vindicate the different interests promoted by different regulatory provisions even though it attempts to vindicate several interests simultaneously in different forums.

*Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981) (emphasis added). "[P]rompt investigation and enforcement both civilly and criminally [are]

sometimes necessary in order to protect the public interest and . . . deferring or foregoing either civil or criminal prosecutions could jeopardize that interest." *Id*. at 667.  The court has determined that principle is applicable when the SEC seeks to enforce federal securities laws through a civil action and a state seeks to enforce its own securities laws through a criminal action.  "Protection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which can not await the outcome of a criminal investigation." *Id*.

"In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *Id*. at 668.

> Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including:  (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Sec. & Exch. Comm'n v. Amerifirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 U.S. Dist. LEXIS 21229, at *6-7 (N.D. Tex. March 17, 2008) (quotations and citations omitted).

After considering those factors, as detailed below, the court concludes that "special circumstances" do not exist in this case to warrant a stay.  First, the issues presented in this case do not have sufficient overlap with the issues presented in the State Court Case.  Put another

way, the cases are not parallel. This case involves certain transactions, while the State Court Case involves wholly separate transactions. While it is true that both cases involve securities and fraud claims, they are not based on the same allegations.

Second, the status of the State Court Case is not particularly relevant here because, as noted above, the State Court Case involves different conduct and transactions than the conduct and transactions at issue in this case. To the extent that the status of the State Court Case is relevant, the court is not persuaded that a newly filed criminal case in state court supports staying this civil action that has been pending for over two years.

Third, the court concludes that the SEC has a strong interest in proceeding expeditiously and that there will be sufficient prejudice to the SEC if the stay is allowed. The SEC has a strong interest in resolving this matter quickly to further the public interest in protecting investors. While Mooring provides an unsupported statement that he is no longer involved with promoting securities, that is not enough, especially given the newly pending State Court Case alleging he has committed additional, unrelated securities law violations. In addition to delaying its furtherance of the public interest, the SEC would be prejudiced if this action were stayed as to Mooring, but not the other defendants, as Mooring requests. The SEC could be forced to litigate separately against Mooring and the other defendants despite the fact that the conduct was all part of a common scheme. This would be inefficient and present the possibility of inconsistent verdicts.

Fourth, the court is not persuaded that there will be any harm to Mooring's private interest or that he will be unduly burdened if this case is allowed to move forward. It appears

that the only additional burden the civil case will present is that Mooring will be required to attend his deposition. While Mooring contends that his Fifth Amendment right against self-incrimination may be compromised, the court is not convinced that is the case. Obviously, Mooring can invoke his Fifth Amendment right if asked about the transactions upon which the State Court Case is based. As to any questions or requests that are based on the allegations in this case, the court does not see how Mooring's answers to those questions have any bearing on his Fifth Amendment right against self-incrimination in the State Court Case.

Fifth, the court concludes that it has an interest in seeing this case to a resolution. This case is over two years old and is scheduled for trial in April 2012. As noted by the SEC, the court has an interest in resolving this case because enforcement of the federal securities laws promotes economic and social policies and serves as a deterrent to further violations. The requested stay would also unnecessarily tax judicial resources because, as noted above, the SEC would be required to move forward with its case against the other defendants and then have to proceed again, on the same questions of fact and law, against Mooring once the State Court Case is complete. Again, such a situation presents a risk of inconsistent verdicts.

Sixth and finally, the court concludes that the public has an interest in having federal securities laws expeditiously applied. As noted above, there is no prohibition against having criminal and civil proceedings progress simultaneously, particularly when the civil and criminal proceedings involve different conduct and transactions. Under those circumstances, the SEC should be allowed to proceed promptly because, as the SEC has noted, it appears in this case not

as an ordinary litigant, but as a governmental entity charged with safeguarding the public's interest in enforcing the securities laws.

For these reasons, the court concludes that "special circumstances" do not exist in this case to warrant a stay. Accordingly, Mooring's motion to stay is denied.

## II.  Motions Concerning Mooring's Deposition

The partes have filed what are essentially cross-motions concerning Mooring's deposition. Mooring has filed a motion for a protective order to preclude the SEC from taking his deposition pending the court's ruling on the above-referenced motion to stay. The SEC has filed a motion to compel Mooring's attendance at a deposition, as well as a motion for sanctions for Mooring's failure to appear at his August 31, 2011 deposition.

Given that the court has denied Mooring's motion to stay, it follows that Mooring must appear for his deposition. Consequently, Mooring's motion for a protective order is denied, and the SEC's motion to compel is granted. The court recognizes that the fact discovery deadline has expired. Accordingly, the court hereby extends the fact discovery deadline for the sole purpose completing Mooring's deposition. In light of the fast-approaching deadline for filing dispositive motions of November 16, 2011,[5] the court orders Mooring to appear for his deposition on or before October 31, 2011.

While the court is ordering Mooring to appear for his deposition, the court also understands Mooring's concerns about his Fifth Amendment right against self-incrimination. As

---

[5] *See* docket no. 52.

noted above, Mooring obviously is free to invoke his Fifth Amendment right during his deposition if he believes that right will be impinged upon in the State Court Case by answering any particular questions in this case.

The court now turns to the SEC's motion for sanctions. Mooring's deposition was properly noticed for August 31, 2011, one day before the fact discovery deadline.[6] As noted above, Mooring had objected to the deposition based on his concerns about his Fifth Amendment right against self-incrimination. Mooring filed his motion for a protective order on August 22, 2011. As the SEC has noted, that motion was not filed within three business days of being served with the amended notice of deposition so as to invoke the automatic stay provision of rule 26-2 of the Rules of Practice for the United States District Court for the District of Utah. *See* DUCivR 26-2 ("A party or a witness may stay a properly noticed oral deposition by filing a motion for a protective order or other relief by the third business day after service of the notice of deposition. The deposition will be stayed until the motion is determined. Motions filed after the third business day will not result in an automatic stay."). While the SEC did not formally oppose Mooring's motion for a protective order, it made clear to Mooring that absent a ruling on that motion, it intended to proceed with Mooring's deposition on August 31, 2011, as noticed. Mooring did not appear for his August 31, 2011 deposition, and the SEC now seeks monetary sanctions against Mooring for the reasonable expenses it incurred with respect to the deposition. *See* Fed. R. Civ. P. 37(d)(3).

---

[6] *See id*.

While it is true that Mooring did not invoke the automatic stay provisions of rule 26-2, the SEC was clearly on notice that Mooring had objected to the taking of his deposition. Indeed, he had filed a motion to stay all proceedings in this case against him. The court also notes that Mooring requested that the court rule on that motion prior to his August 31, 2011 deposition date. The court simply was unable to rule on the motion in such an expedited manner.

Based on those facts, the court is persuaded that Mooring's failure to attend his August 31, 2011 deposition was substantially justified. *See id*. The court is also persuaded that an award of reasonable expenses, under all the circumstances, would be unjust. *See id*. Accordingly, the SEC's motion for sanctions is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Mooring's motion to stay[7] is **DENIED**.

2. Mooring's motion for a protective order[8] is **DENIED**.

3. The SEC's motion to compel and for sanctions[9] is **GRANTED IN PART AND DENIED IN PART**. The SEC's motion to compel is granted, and Mooring shall appear for his deposition. The fact discovery deadline is hereby extended for the sole purpose of completing

---

[7] *See* docket no. 81.

[8] *See* docket no. 83.

[9] *See* docket no. 93.

Mooring's deposition.  Mooring shall appear for his deposition on or before October 31, 2011.

The SEC's motion for sanctions is denied.

**IT IS SO ORDERED**.

DATED this 11th day of October, 2011.

BY THE COURT:

*/s/ Paul M. Warner*

PAUL M. WARNER
United States Magistrate Judge